IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| MICHAEL WRIGHT, A Minor, by and through his Mother, LOLITA WESTON, ) ) ) | NO. 02 C 3479 |
| Plaintiffs, ) ) | |
| ) | JUDGE GRADY |
| v. ) ) | |
| ) | MAGISTRATE JUDGE LEVIN |
| Officer J. Dillon ) ) ) | |
| Defendant. ) | |

## NOTICE OF MOTION

DOCKETED
SEP 13 2004

TO: Shehnaz I. Mansuri
Gregory E. Kulis & Assoc.
30 N. LaSalle Street / Suite 2140
Chicago, IL 60602

**PLEASE TAKE NOTICE** that I have this day filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **MOTION TO EXTEND THE DATE OF TRIAL OR TO BAR PLAINTIFF'S EXPERT.**

**PLEASE TAKE FURTHER NOTICE** that I shall appear before the Honorable Judge Grady, or before such other Judge sitting in her place or stead, on the 8th day of September, 2004, in room 2201, at 11:00 a.m., or as soon thereafter as counsel may be heard and then and there present the attached Motion.

**DATED** at Chicago, Illinois this 31st day of August, 2004.

Respectfully submitted,

/s/ Geri Lynn Yanow
GERI LYNN YANOW
Assistant Corporation Counsel

30 N LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-2837
(312) 744-6566 (FAX)
ATTY. NO. 06198618

14

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL WRIGHT, A Minor, by and through his Mother, LOLITA WESTON, | NO. 02 C 3479 |
| Plaintiffs, | |
| v. | JUDGE GRADY |
| Officer J. Dillon | MAGISTRATE JUDGE LEVIN |
| Defendant. | |

DOCKETED SEP 13 2004

## MOTION TO EXTEND THE DATE OF TRIAL OR ALTERNATIVELY, TO BAR PLAINTIFF'S EXPERT

Defendant, former Chicago Police Officer James Dillon[1], by one of his attorneys, Geri Lynn Yanow, Assistant Corporation Counsel of the City of Chicago, respectfully requests this Honorable Court to extend the date of trial from October 4, 2004 or alternatively, to bar plaintiff's expert. In support of this motion, former Officer Dillon states:

1. On June 18, 2004, former Officer Dillon filed a motion to bar plaintiff's treator from giving expert opinions.

2. Former Officer Dillon had named an expert (Dr. Steinberg) and submitted his reports and other disclosures pursuant to Rule 26 (a)(2) on December 29, 2003.

3. Plaintiff has declined to take Dr. Steinberg's deposition.

4. As a result of his motion to bar, this court allowed plaintiff until July 23, 2004 to name an expert and submit Rule 26 (a)(2) disclosures..

---

[1] James Dillon has recently retired from the Chicago Police Department.

5. On July 22, 2004, plaintiff's counsel wrote the undersigned and asked for additional time, up to August 13, 2004, to name an expert stating "[g]iven the fact that we are still trying to resolve this matter, I am requesting until August 13th to name an expert." Below is a history of those negotiations.

6. On June 29, 2004, plaintiff made a demand of $140,000.00 to settle this matter. The undersigned then made a good faith offer of $20,000.00 to settle this matter.

7. On July 20, 2004, plaintiff reduced his demand to $110,000.00 and on August 23, 2004, plaintiff's demand was now $90,000.00. During various discussions with plaintiff's counsel, the undersigned believes that this matter cannot be settled.

8. Plaintiff untimely disclosed his expert, Dr. Louis Draganich, a PhD in Bioengineering on August 18, 2004. His opinion is based on a "reasonable degree of certainty or probability within my expertise in orthopaedic biomechanics."

9. William Bazarek, co-counsel in this matter, was recently assigned this matter due to former co-counsel Martiza Martinez' leaving the Corporations Counsel's office.

10. Dr. Steinberg has not as yet has the opportunity to address and/or rebut the report of Dr. Draganich.

11. The undersigned is scheduled for trial on September 20, 2004 in *Green v. De La Torre*, 99 C 6452 before Judge Plunkett. William Bazarek is lead attorney on a case which is due to be released to the black line trial call on September 8, 2004 in *Nixon v. Baez, et al.*, 01 L 5210.

12. Plaintiff's counsel had informed the undersigned that the deposition of Dr.

Draganich must occur before September 13, 2004 as she and her colleagues are also on trial.

13. Former Officer Dillon is entitled to rebut the report of Dr. Draganich under Rule 26.

14. Since Dr. Draganich's deposition cannot be scheduled before the end of September, former Officer Dillon will be prejudiced by not being able to rebut the report or take his deposition before the trial date of October 4, 2004.

15. In fairness, former Officer Dillon respectfully requests that he be given adequate time to depose Dr. Draganich and rebut his report.

16. Alternatively, former Officer Dillon respectfully requests that plaintiff's expert be barred as untimely.

**WHEREFORE**, for all the reasons stated above and in his previous motion to bar, former Officer Dillon respectfully requests that the trial date of October 4, 2004 be extended or, alternatively, that plaintiff's expert be barred.

Respectfully submitted,

GERI LYNN YANOW
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 744-2837
(312) 744-6566 (FAX)
Attorney No. 06198618

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have caused true and correct copies of the above and foregoing **DEFENDANT'S MOTION TO EXTEND DATE OF TRIAL OR TO BAR PLAINTIFF'S EXPERT** to be hand delivered to the person named in the foregoing Notice at the address therein shown, on this 31st day of August, 2004.

_____
GERI LYNN YANOW